ams

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                                              )<br>         Plaintiff,                                  )<br>                                                              )<br>vs.                                                        )    Case No.  99-40091-JAR<br>                                                              )                        02-3174-JAR<br>PAUL EDWARD DAVIS,                        )<br>                                                              )<br>         Defendant/Petitioner.              )<br>                                                              ) | |

## MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 AND DENYING MOTION TO APPOINT COUNSEL

Defendant/petitioner Paul Edward Davis filed a pleading entitled, "Motion: review sentence under Blakely v. Washington 124 S.Ct. at 2543 plus provide necessary copies under 28 U.S.C. Rule 22." (Doc. 108.)  Subsequently, he filed a Motion for Appointment of Counsel to assist him with his section 2255 motion.  (Doc. 109.)  Petitioner argues that his sentence should be vacated in light of the Supreme Court's decision in *Blakely v. Washington*,[1] which struck down Washington's state sentencing scheme as violative of the Sixth Amendment right to a jury trial.  Petitioner maintains that the Federal Sentencing Guidelines (Guidelines) are similarly violative of the Sixth Amendment, and therefore his sentence is unconstitutional.  After petitioner filed this motion, the Supreme Court decided *United States v. Booker*,[2] which struck down the mandatory nature of the Federal Sentencing

---

[1]  542 U.S.__, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

[2]  543 U.S. __,125 S. Ct. 738 , 2005 WL 50108 (2005).

1

Guidelines as incompatible with the Sixth Amendment.

### I. Procedural Background

On June 1, 2000, a jury found petitioner guilty of five counts of distribution and possession with intent to distribute crack cocaine within 1000 feet of a school. Petitioner's sentence was calculated according to the Guidelines. After all adjustments for relevant conduct were made, defendant was sentenced based on a total offense level of 34 and a criminal history category of IV. Judge Dale E. Saffels sentenced petitioner to 210 months of imprisonment, a sentence at the low end of the guidelines range of 210 to 262 months. Petitioner prosecuted a direct appeal; on July 16, 2001, the Tenth Circuit affirmed the conviction and sentence.[3] After the Tenth Circuit denied petitioner's motion for a rehearing en banc, he filed a petition for writ of certiorari, which was denied.[4]

Petitioner then timely filed his first motion under 28 U.S.C. § 2255, which the Court denied on March 19, 2003. On April 21, 2003, petitioner filed a "Motion for Relief from False Imprisonment," which the Court construed as a successive section 2255 motion and denied. The Court explained in that order, "[t]he only avenue by which defendant can file this second petition under § 2255 is to first obtain a certificate from the Tenth Circuit, authorizing this Court to consider his petition." On February 27, 2004, petitioner again filed a "Motion for Relief" without satisfying the standards set forth in 28 U.S.C. § 2255. In its Order denying the motion, this Court quoted from an October 22, 2003 Order by the Tenth Circuit, which stated: "Any further effort by Mr. Davis to begin a collateral attack on this conviction without satisfying the standards set forth in § 2255 ¶ 8 may lead to the imposition of

---

[3] *United States v. James*, 257 F.3d 1173 (10th Cir. 2001).

[4] *Davis v. United States*, 534 U.S. 1106, 122 S. Ct. 908, 151 L. Ed. 2d 876 (2002).

sanctions." Now, petitioner files his fourth collateral motion in this Court attacking his sentence based on the Supreme Court decisions in *Blakely* and *Booker*. Although his pleading is not officially styled as a motion under section 2255, the introductory paragraph of the pleading refers to his motion as a "motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255."

## II. Motion to Review Sentence

Paragraph 8 of section 2255 provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
> (1) newly discovered evidence . . .; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[5]

Section 2244 provides, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."[6] The Court construes petitioner's instant motion as an unauthorized successive motion under 28 U.S.C. § 2255, as it is his third motion since his original section 2255 motion. As such, the motion should be transferred to the Tenth Circuit Court of Appeals in the interest of justice pursuant to 28 U.S.C. § 1631.[7]

## III. Motion to Appoint Counsel

Additionally, petitioner's motion for appointment of counsel must be denied. Petitioner requests

---

[5] 28 U.S.C. § 2255.

[6] 28 U.S.C. § 2244(b)(3)(A).

[7] *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997).

appointment of counsel because: (1) his motion involves the recent Supreme Court case of *Booker v. United States*; (2) his library access is restricted; and (3) he is unable to afford counsel.  Prisoners do not have "a constitutional right to counsel when mounting collateral attacks upon their convictions."[8]  However, Rule 8(c) of the Rules governing section 2255 proceedings permits appointment of counsel "if the interest of justice so requires."[9]  The Rule only requires appointment of counsel if an evidentiary hearing on the motion is required.[10]  Because this Court currently does not have jurisdiction of the underlying motion in this case and because an evidentiary hearing is not required, the Court finds that the interest of justice does not require appointment of counsel in this case at this time.

**IT IS THEREFORE ORDERED BY THE COURT** that the "Motion: review sentence under Blakely v. Washington 124 S.Ct. at 2543 plus provide necessary copies under 28 U.S.C. Rule 22" (Doc. 108) is **transferred to the Tenth Circuit Court of Appeals** pursuant to 28 U.S.C. § 1631.

**IT IS FURTHER ORDERED BY THE COURT** that the "Motion: Appointment of Counsel" (Doc. 109) is **denied**.

IT IS SO ORDERED.

Dated this 23rd day of February 2005.

S/ Julie A. Robinson

---

[8] *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 1993, 95 L. Ed. 2d 539 (1987).

[9] 28 U.S.C. foll. § 2255 R. 8(c).

[10] *Id.*

                    **JULIE A. ROBINSON**
                    **UNITED STATES DISTRICT JUDGE**