ams/hrk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 99-40091-JAR |
| PAUL EDWARD DAVIS, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court are defendant Paul Edward Davis' *pro se* Motion for Relief Pursuant to 18 U.S.C. 3582(c)(2) in Conjunction with USSG 1B1.10 (Doc. 114) and *pro se* Motion Ineffective Assistance of Counsel, USSG § 1B1.10(A)(3), and Application Note 1(B), a Full Resentencing Hearing (Doc. 115). On May 13, 2008, James Chappas was appointed to represent defendant. On February 26, 2010, Mr. Chappas notified the Court that he had reviewed defendant's motions, discussed the motions with defendant, and that they are ripe for review.[1] The Court has reviewed defendant's motions and counsel's submission and is prepared to rule. As explained more fully below, defendant's motions are granted in part and denied in part.

*Procedural History*

On June 1, 2000, a jury found defendant guilty of five counts of distribution and possession with intent to distribute crack cocaine within 1000 feet of a school. Defendant's

---

[1]*See* Attachment A.

1

sentence was calculated according to the then-mandatory Sentencing Guidelines. After all adjustments for relevant conduct were made, defendant was sentenced based on a total offense level of 34 and a criminal history category of IV. This total offense level, combined with defendant's criminal history category of IV, yielded an advisory Guidelines sentencing range of 210 to 262 months. Judge Dale E. Saffels sentenced defendant to 210 months' imprisonment, a sentence at the low end of the guidelines range. Defendant prosecuted a direct appeal; on July 16, 2001, the Tenth Circuit affirmed the conviction and sentence.[2] After the Tenth Circuit denied defendant's motion for a rehearing en banc, he filed a petition for writ of certiorari with the United States Supreme Court, which was denied.[3]

Defendant timely filed his first motion under 28 U.S.C. § 2255, which the Court denied on March 19, 2003. On April 21, 2003, defendant filed a "Motion for Relief from False Imprisonment," which the Court construed as a successive section 2255 motion and denied. The Court explained in that order, "[t]he only avenue by which defendant can file this second petition under § 2255 is to first obtain a certificate from the Tenth Circuit, authorizing this Court to consider his petition." On February 27, 2004, defendant again filed a "Motion for Relief" without satisfying the standards set forth in 28 U.S.C. § 2255. In its Order denying the motion, this Court quoted from an October 22, 2003 Order of the Tenth Circuit, which stated: "Any further effort by Mr. Davis to begin a collateral attack on this conviction without satisfying the standards set forth in § 2255 ¶ 8 may lead to the imposition of sanctions."

On December 14, 2004, defendant filed a fourth motion collaterally attacking his

---

[2]*United States v. James*, 257 F.3d 1173 (10th Cir. 2001).

[3]*Davis v. United States*, 534 U.S. 1106, 122 S. Ct. 908, 151 L. Ed. 2d 876 (2002).

sentence based on the Supreme Court decisions in *Blakely v. Washington*[4] and *United States v. Booker*.[5]  This Court construed the motion as an unauthorized successive motion under 28 U.S.C. § 2255, as it was his third motion since his original section 2255 motion and transferred it to the Tenth Circuit Court of Appeals in the interest of justice, pursuant to 28 U.S.C. § 1631.[6]

In the instant motions, defendant argues that an amendment to the Guidelines, made subsequent to his re-sentencing, should apply to him and reduce his base offense level from 32 to 30.  Defendant further argues that his counsel, Melody Evans, was ineffective because she did not inform him of a plea offer that would have resulted in eight years' custody.  Finally, defendant requests a full re-sentencing hearing.

*Discussion*

In the instant motion, the defendant seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendment 706 to the Sentencing Guidelines.  This amendment, which became effective November 1, 2007, lowered the threshold base offense level for drug offenses involving crack cocaine.  It generally permits a two-level reduction in the base offense level set forth in U.S.S.G. § 2D1.1.[7]

18 U.S.C. § 3582 provides that the Court may modify a term of imprisonment:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28

---

[4] 542 U.S. 296 (2004).

[5] 543 U.S. 220 (2005).

[6] *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997).  Since the time of the Court's decision, the Tenth Circuit clarified that 28 U.S.C. § 1631 is not a mandatory transfer rule and that the Court may, instead, dismiss the motion or petition for lack of jurisdiction.  *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

[7] *See* U.S.S.G. App. C, Amend. 706 (2007).

> U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[8]

Amendment 706 modified the Drug Quantity Table in U.S.S.G. § 2D1.1(c) downward two levels for crack cocaine offenses, effective November 1, 2007, and retroactive March 3, 2008.[9] The Amendment applies here because defendant's offense involved crack cocaine. Therefore, based on the quantity of drugs possessed, defendant's base offense level is 30, and a two-level enhancement applies for committing the offense near a protected location,[10] bringing his total offense level to 32. With a criminal history category of IV, this results in an advisory Guidelines sentencing range of 168 to 210 months. Pursuant to 18 U.S.C. § 3282(c)(2), the Court shall reduce the defendant's sentence to 168 months.

With regard to defendant's suggestion of ineffective assistance of counsel, the Court finds that it lacks jurisdiction to decide that issue. A motion brought pursuant to § 3582 "cannot be used to create a new vehicle for a collateral attack on a conviction."[11] Therefore, the Court may not grant defendant's *pro se* motions on the basis of ineffective assistance of counsel.

Finally, the Court is not required to hold a re-sentencing hearing on a motion made pursuant to § 3582.[12] In fact, Fed. R. Crim. P. 43(b)(4) explicitly provides that a defendant need

---

[8] 18 U.S.C. § 3582(c)(2).

[9] U.S.S.G. supp. to app. C, Amends. 706, 712, 713; U.S.S.G. § 1B1.10(a)(2).

[10] U.S.S.G. § 2D1.2(a)(1).

[11] *United States v. Verners*, 136 F. App'x 142, 145 (10th Cir. 2005) (citing *United States v. Smartt*, 129 F.3d 539, 542–43 (10th Cir. 1997)).

[12] *See, e.g.*, *United States v. Legree*, 205 F.3d 724, 729 (4th Cir. 2000).

not be present for any proceeding involving "a reduction or correction of sentence under . . . 18 U.S.C. § 3582."

**IT IS THEREFORE ORDERED BY THE COURT** that defendant Paul Edward Davis' *pro se* Motion for Relief Pursuant to 18 U.S.C. 3582(c)(2) in Conjunction with USSG 1B1.10 (Doc. 114) is granted. Defendant's *pro se* Motion Ineffective Assistance of Counsel, U.S.S.G. § 1B1.10(A)(3), and Application Note 1(B), a Full Resentencing Hearing (Doc. 115) is granted in part and denied in part. The motion is denied with regard to the ineffective assistance of counsel claim and defendant's request for a full re-sentencing hearing. The motion is granted insofar as it requests relief under Amendment 706. The Court shall reduce defendant's sentence from 210 months to 168 months. The remainder of the Court's sentencing order shall remain unchanged.

**IT IS SO ORDERED.**

Dated: June 25, 2010

 S/ Julie A. Robinson
 JULIE A. ROBINSON
 UNITED STATES DISTRICT JUDGE